Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error is brought to reverse a decree for dower in land and slaves, and for distribution of personalty, in favor of a widow, who had, within the time and in the mode prescribed,by law, renounced the benefit of a provision made for her by her deceased husband’s will.
And waiving other questions, as not necessary to be decided, we shall, in revising the decree, consider one question only; and that is, whether the Circuit Court erred in refusing to permit some of the defendants in that court, against whom the bill had been taken for confessed, to file answers in the nature of cross bills, after an interlocutory decree had been rendered, and the commissioner’s report had been returned to court, in obedience to that decree.
It appears, from those answers and the affidavits accompanying them, that the respondents had not sooner answered because, as they allege, they had been informed by the executors, who were co-defendants with themselves and others, that, as they (the respondents) were devisees of slaves, their interests in those slaves could not be affected by the widow’s claim to dower; and that, since the rendering of the interlocutory decree, the executors had purchased the widow’s interest therein, which, as the answers insist, should thereby be deemed as being bought for the benefit of the testator’s children and creditors.
It appears also, from the decree, as finally rendered, after the rejection of the said answers, that some of the slaves devised to some of those respondents, were allotted to the widow as a part of her dower.
Now, we are of the opinion: First, That, if the ex *465 ecutors as charged, had purchased the widow’s interest, they should be considered as holding it, not for their own personal benefit, but in trust for the devisees and creditors of their testator; and that they are entitled to charge the estate of the testator only so much as they gave for that interest.
Upon a motion to file an answer, its contents must be taken as true.
And, second, that the affidavits exhibited reasons sufficient to authorize the filing of the answers and cross bills at the time they were offered, before the final hearing of the case.
If the rejected answers be true—as they must now be considered as being—the final decree is for the exclusive and personal benefit of the executors, who, standing, as they did, in the relation of trustees, may be required to hold, as trustees, the purchased right to the widow’s incumbrance on their testator’s estate, and the more especially as the contract was made during the pendency of the suit, by the widow against themselves and others representing that estate. The devisees should not be subjected to the partition if they will contribute to the payment of the sum given by the executors for the widow’s interest. And it would seem, from the rejected answers, that the parties offering them are willing to make just contribution.
And it does not appear, nor should it be presumed, that the rejected answers in the nature of cross bills setting up that purchase, and claiming the benefit of it, could have been offered at any time earlier than that at which they were tendered in court.
It seems to us, therefore, that the widow and executors should have been required to answer those cross bills.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, with instructions to permit the rejected answers and cross bills to be filed, and amended if proposed.